## Simpson *against* M'Beth.

It is error in a judge to give a legal interpretation to the words of a witness, and say whether in point of law they sustain the allegation of fact.

WRIT of error to *Indiana* county.

Slander by James M'Beth against Solomon Simpson. The defendant charged the plaintiff with being a thief, and rested his defence upon leave to justify; and among other things gave in evidence the deposition of a witness taken in Ireland, that he "had seen the plaintiff going with two horses and a wheel car, early on a certain morning, and stealing shells." On the subject of this evidence the court below said to the jury, "the witness is not explicit: he says he saw him stealing shells, without stating the quantity or value, nor does he say that they were actually carried off; if not, the offence was not complete." This was assigned for error.

*White,* for plaintiff in error, cited, 8 *Serg. & Rawle* 333; 12 *Johns.* 517.

*Stannard,* for defendant in error.

PER CURIAM.—In Sidwell *v.* Evans, 1 *Penns. Rep.* 385, it was held that a judge may not give a legal interpretation to the words of a witness, and say whether in point of law they sustain the allegation of fact. The witnesses here swore positively to the larceny, but without speaking particularly of an asportation or any of the attendant circumstances, though one of them testified that he caught the plaintiff in the fact. The judge concluded his charge by saying, that the evidence was deficient in all legal precision, and that it would not sustain a conviction of larceny. It is difficult to believe that the jury

IV.—3 B

[Simpson v. M'Beth.]

did not consider this as an exposition of the *legal effect* of the evidence and feel themselves bound by it. Doubtless the want of particulars detracted much from the force of the testimony, and we are not for weighing the comments of a judge in nice scales ; but when conclusions of fact are so very pointedly indicated, it would certainly be the preferable course to apprize the jury that they are but the opinions of the judge, and that the questions of fact are still open to them.

Judgment reversed, and a *venire de novo* awarded.